WILLIAM J. BRYAN, EXECUTOR, vs. DELIA A. BIGELOW
ET AL.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE AND SHUMWAY, Js.

By the 12th clause of his will a testator gave his wife $50,000, "in trust, however, for the purposes set forth in a sealed letter which will be found with this will." The widow made no claim to the money, either individually or as trustee, the claimants being the beneficiary named in the "sealed letter" on the one side and the residuary legatees on the other. In a suit to determine the validity and construction of this clause, it was held: —

1. That inasmuch as the will itself disclosed neither the name of the beneficiary nor the terms of the trust, the attempted gift was void, unless it could be supported by the terms of the "sealed letter."

2. That this letter having already been adjudged not to be a part of the will, could not now be treated as a valid declaration of trust, since this would in effect make it a part of the will, and to that extent permit a testamentary disposition of property in violation of our statute of wills (§ 293).

3. That it was apparent the testator had stated in the will exactly what he intended to say, and therefore there was no latent ambiguity in explanation of which the sealed letter could become admissible in evidence.

Bryan *v.* Bigelow.

4. That there was nothing in the facts found, nor in the evidence excluded, from which a trust *maleficio* could arise.

While extrinsic evidence may be admissible to identify the devisees or legatees named, or the property described in a will, also to make clear the doubtful meaning of language used in a will, it is never admissible, however clearly it may indicate the testator's intention, for the purpose of showing an intent not expressed in the will itself, nor for the purpose of proving a devise or bequest which is not contained in the will.

Extrinsic evidence is admissible to rebut a trust resulting from a mere implication of law, but not one arising on the failure of an express trust for imperfection or illegality.

Argued January 24th—decided March 9th, 1905.

SUIT to construe the will of Philo S. Bennett of New Haven, deceased, brought to the Superior Court in New Haven County, where a demurrer to the substituted answer of the defendant William J. Bryan was sustained (*Thayer, J.*) and his motion for leave to file a cross-complaint was denied (*George W. Wheeler, J.*); the case was then tried to the court (*Robinson, J.*) and judgment rendered that the clause of the will containing a bequest of $50,000 in trust was inoperative, and that said sum became a part of the residuary estate, from which judgment the defendant Bryan appealed. *No error.*

The plaintiff is the executor of the will of Philo S. Bennett, late of New Haven, who died August 9th, 1903, leaving a will dated May 22d, 1900.

The defendants are William J. Bryan as an individual, and as a trustee under the will, Mrs. Mary Baird Bryan as trustee under the will, Grace Imogene Bennett, widow of the testator, and the other residuary legatees under section 34 of the will.

In his complaint the executor asks the Superior Court to settle the construction of the will in certain particulars, to direct the plaintiff as to his duty in the matters relating thereto, and to order the defendants to set forth their several claims and submit them to the decision of the court.

The second, twelfth and thirty-fourth sections of the will are as follows :—

" Second. I give and bequeath to my wife, Grace Imogene Bennett, the sum of seventy-five thousand dollars ($75,000) absolutely, together with three houses in Bridgeport, Conn., located at 144, 146, 148 Maple Street. Also, all paintings, pictures, furniture, jewelry, bric a brac, etc., which I possess, the same to be received by her in lieu of dower, or of her statutory interest in my estate. . . .

" Twelfth. I give and bequeath unto my said wife, Grace Imogene Bennett, the sum of fifty thousand dollars ($50,000), in trust, however, for the purposes set forth in a sealed letter which will be found with this will. . . .

" Thirty-fourth. All the rest and residue of my estate of every nature and description I give and bequeath to my wife, my sister, Delia A. Bigelow, and my half-brother, George A. Cable, to be divided among them as follows : One-half to my said wife, and one-fourth each to my said sister and said half-brother."

The said residuary legatees allege in their answer and claim, that paragraph 12 of the will is invalid, that the $50,000 named therein is disposed of by the thirty-fourth section of the will, and that the executor should be directed to pay the same to said residuary legatees, as provided in said section 34.

Mr. Bryan, as a defendant and claimant in his individual capacity, and as trustee under the trust alleged to have been created by the sealed letter referred to in section 12 of the will, alleges in his answer and claim, that section 12 of the will is valid, and that the executor should pay the $50,000 named therein to Grace Imogene Bennett, in trust to pay the same to Mr. Bryan, and that Mr. Bryan is entitled to receive said sum, either as an individual or as a trustee under the trust described in said sealed letter. Said answer and claim further alleges that after the death of Mr. Bennett there was found in his box in the vault of the Merchants' Safe Deposit Company, in New York City, with the will, a sealed envelope, bearing this superscription in Mr. Bennett's handwriting : " Mrs. P. S. Bennett. To be read only by Mrs. Bennett, and by her alone, after my death.

P. S. Bennett " ; and that this envelope inclosed the following letter, in the handwriting of Mr. Bennett, made Exhibit 1 of said answer and of the finding of facts:—

"New York, 5/22/1900.

" My dear Wife :

" In my will, just executed, I have bequeathed to you seventy-five thousand dollars (75,000) and the Bridgeport houses, and have in addition to this made you the residuary legatee of a sum which will amount to twenty-five thousand more. This will give you a larger income than you can spend while you live, and will enable you to make bountiful provision for those you desire to remember in your will. In my will you will find the following provisions :

" I give and bequeath unto my wife, Grace Imogene Bennett, the sum of fifty thousand dollars (50,000), in trust, however, for the purpose set forth in a sealed letter which will be found with this will.

" It is my desire that the fifty thousand dollars conveyed to you in trust by this provision shall be by you paid to William Jennings Bryan, of Lincoln, Nebraska, or to his heirs, if I survive him. I am earnestly devoted to the political principles which Mr. Bryan advocates, and believe the welfare of the nation depends upon the triumph of those principles. As I am not as able as he to defend those principles with tongue and pen, and as his political work prevents the application of his time and talents to money making, I consider it a duty, as I find it a pleasure, to make this provision for his financial aid, so that he may be more free to devote himself to his chosen field of labor. If for any reason he is unwilling to receive this sum for himself, it is my will that he shall distribute the said sum of fifty thousand dollars according to his judgment among educational and charitable institutions. I have sent a duplicate of this letter to Mr. Bryan, and it is my desire that no one excepting you and Mr. Bryan himself shall know of this letter and bequest. For this reason I will place the letter in a sealed en-

velope, and direct that it shall be opened only by you, and read by you alone. With love and kisses, P. S. Bennett."

Mr. Bryan's answer further alleged that after the death of Mr. Bennett there was found in the safe at his place of business in New York, in an envelope bearing the superscription, in Mr. Bennett's handwriting, " Copy of letter in Safe Deposit Co. Box, Wool Exchange," the document made Exhibit 2 in the answer and finding, being a typewritten duplicate of said Exhibit 1, with the omission of the signature and of the last four words of said Exhibit 1 ; that Exhibit 2 was drawn up at the same time that the will was written, and before the will was executed ; that Exhibit 1 was copied from Exhibit 2, and that said acts of drawing up, executing and depositing the will and said Exhibits 1 and 2 were parts of one transaction.

Paragraph 12 of said answer states that though counsel are not informed as to the fact, it is averred that Mr. Bennett, during his lifetime, informed his wife of the contents of section 12 of the will, and of his desires as to the trust therein mentioned, as expressed in Exhibit 1 ; said answer also asks for a disclosure as to said alleged facts.

The trial court sustained (*Thayer J.*) a demurrer to so much of said answer and claim as alleged said facts, upon the ground, in substance, that in so far as they were pertinent to the questions to be considered in this proceeding, the defendants were entitled to prove them without pleading them.

Upon objection by the other claimants, the Superior Court denied (*George W. Wheeler, J.*) the motion of the claimant Bryan for leave to file a cross-complaint containing the allegations of fact and request for a disclosure, made in said answer.

The following are among the facts stated in the finding: Mr. Bennett hired a box in the vault of the Merchants' Safe Deposit Company in the Wool Exchange, in New York, which he first opened May 23d, 1900, at 11 : 07 A. M., and it was never opened again until after his death, when it contained only the will and the sealed envelope bearing

the inscription and inclosing the letter, Exhibit 1, as described in the answer of Mr. Bryan, the will and envelope not being physically attached together.

Mr. Bennett went to Mr. Bryan's home in Nebraska, arriving there several days before May 22d, 1900, and having with him memoranda for his will, which was thereupon drawn up, as was also Exhibit 2.   Both said documents, the will not having then been dated or executed, were taken away by Mr. Bennett some days before May 22d, 1900.   A few days after May 22d, 1900, there came by mail to Mr. and Mrs. Bryan an envelope inclosing Exhibit 3, being a copy of Exhibit 1, and also a letter to Mr. and one to Mrs. Bryan, the material parts of which, called respectively Exhibits 4 and 5, are as follows :—

Exhibit 4.

"New York, 5/22/1900.

" My dear Mr. Bryan :

" I inclose a duplicate letter, which I have placed in a sealed envelope, with instructions that it shall be opened by Mrs. Bennett, and read by her when alone.   I have stated therein the reasons for the provisions made for you, and I sincerely hope you will accept the sum of fifty thousand dollars for yourself.   Give ten thousand dollars to your wife, and invest fifteen thousand dollars for the benefit of your three children, giving five thousand dollars to each, whenever you think it wise to turn the money over to them.

" If for any reason you decline to receive the entire sum, or any part thereof, I shall trust you to distribute the same according to your judgment among educational and charitable institutions.

" Sincerely yours, P. S. Bennett."

Exhibit 5.

"New York, 5/22/1900.

" Dear Mrs. Bryan :

" Inclosed you will find copy of letter left with will for Mrs. Bennett; also, letter to Mr. Bryan.   It affords

VOL. LXXVII—39

me a vast amount of pleasure and satisfaction to make this provision for you, Mr. Bryan, and the children. My will is deposited in one of the 'Merchants' Safe Deposit Co.' boxes, located in the 'Wool Exchange,' on West Broadway, New York City. Mr. Sloan, my partner, has a box there, in which he keeps his private papers, &c." . . .

      " With much regard, I am sincerely yours,

                        "P. S. Bennett."

Exhibit 2 was found after Mr. Bennett's death, in his safe at his place of business, in an envelope superscribed as stated in the answer of Mr. Bryan. Neither the will nor Exhibit 1 were ever in Mr. Sloan's safe-deposit box.

Upon the trial in the Superior Court the claimant Mr. Bryan offered in evidence Exhibit 1, and also the other exhibits in connection therewith, including the superscriptions upon said envelopes. Among the purposes for which such evidence was offered, are these, in substance: (1) to prove a declaration by the testator of the trust created by section 12 of the will; (2) to rebut any claim of a resulting trust in favor of the residuary legatees; (3) to prove the existence of Exhibit 1 at the time, and of its equivalent, Exhibit 2, prior to the time, of the execution of the will; (4) to prove the existence of, and to identify, the beneficiary capable of taking, and entitled to take, the legacy given by section 12 of the will; (5) to enable the court to properly construe section 12 of the will and to establish the validity of the bequest made in that section. This evidence was excluded by the court.

During the trial, counsel for Mrs. Bennett and the other residuary legatees stated that if counsel for Mr. Bryan desired to call Mrs. Bennett as a witness as to whether she had been informed during her husband's lifetime of the contents of the 12th section of the will, they would not object to the introduction of the evidence. She was not called and no evidence was offered upon that subject.

Upon the facts proved it was claimed in behalf of the claimant Mr. Bryan, that the court should adjudge and ad-

vise that the executor pay to Mrs. Bennett the $50,000 mentioned in section 12 of the will, to be applied by her as directed in said section 12; that the court should adjudge and advise the executor to pay said $50,000 to Mrs. Bennett. The trial court overruled said claims, and held that said $50,000 became a part of the residuary estate and was disposed of by section 34 of the will. The rulings of the trial court in sustaining the demurrer to the substituted answer, in denying the motion for leave to file a cross-complaint, in excluding said evidence, and in overruling said claims of law, are the reasons of appeal assigned.

*Henry G. Newton,* and *William J. Bryan* of Nebraska, with whom was *Harrison Hewitt,* for the appellant (William J. Bryan).

*Henry Stoddard,* for the appellees (Grace Imogene Bennett *et al.*).

HALL, J. This is an action brought by William J. Bryan, as executor of the will of Philo S. Bennett, to determine the construction to be placed upon a certain clause of Mr. Bennett's will, upon the ground that there is such a question as to its proper construction that the executor cannot safely discharge the duties of his office without the advice and protection of a court of chancery.

The questions presented by this appeal are stated in the following inquiry propounded by the executor in paragraph 9 of the complaint: "Are the bequests and trusts mentioned in section 12 of said will valid, and is said Grace Imogene Bennett, in said section named, or are the residuary legatees, entitled to receive the fifty thousand dollars ($50,000) therein mentioned, or is William J. Bryan entitled to receive the said sum?"

The real question to be considered is whether the trust upon which the $50,000 was given to Mrs. Bennett has been lawfully created; if it has not, the money should not be paid to her, either as an individual or as a trustee. Mrs.

Bennett herself makes no claim, either as an individual or as a trustee, to any interest in the money, as a legatee under the twelfth clause of the will.   If the trust upon which the sum is given to her by paragraph 12 is neither disclosed by the will itself, nor created by the sealed letter, the gift to her as trustee becomes inoperative, and the beneficial interest in the sum named results to the residuary legatees named in section 34 of the will.   1 Perry on Trusts (5th Ed), §§ 92, 150, 157; Lewin on Trusts (Amer. Ed., 1888, with notes), 144; *Phelps* v. *Robbins,* 40 Conn. 250, 274. The controversy is therefore one between Mr. Bryan as an individual and as an alleged trustee under the sealed letter, Exhibit 1, upon the one hand, and the residuary legatees, of whom Mrs. Bennett is one, upon the other; the issue between them being whether a valid bequest of the $50,000 named in the sealed letter and in section 12 of the will, has been made to Mrs. Bennett in trust, either by force of the sealed letter itself, or by the twelfth paragraph of the will, or by the sealed letter and said paragraph together.

The sealed letter is an instrument of both a dispositive and testamentary character.   It directs to whom the money shall be paid by Mrs. Bennett, and it directs that it shall be paid after the death of the testator, without giving any interest in the sum named to take effect during his life.

No effect can be given to this letter as a part of the will, even if the evidence offered proves that it was in existence and known to the testator at the time the will was executed. We held in *Bryan's Appeal,* 77 Conn. 240, 246, that there was no such clear, explicit reference in the will itself to any specific document, as to incorporate the sealed letter into the will, and that such defective reference in the will could not be helped out by parol evidence.

The letter cannot operate as a declaration of the trust upon which the money was bequeathed to Mrs. Bennett. Our statute of wills is not only directory but prohibitory. *Irwin's Appeal,* 33 Conn. 128.   To treat this letter as an operative declaration of trust would be, in effect, to hold that a testamentary disposition of property could be made

by an instrument not executed in conformity with the statute regulating such transfers of property. Mr. Perry in his treatise on the Law of Trust and Trustees, Vol. I, § 92 (5th Ed.), in discussing the question of whether a parol expression of intention by a testator to create a trust, though void as a devise or bequest, may yet be good as a declaration of trust, and quoting with approval the language of Lewin on Trusts, says : " We may therefore safely assume, as an established rule, that if the intended disposition be of a testamentary character and not to take effect in the testator's lifetime, but ambulatory until his death, such disposition is inoperative, unless it be declared in writing in strict conformity with the statutory enactments regulating devises and bequests." Again, in *Phelps* v. *Robbins*, 40 Conn. 250, 273, in referring to the claim made, that documents which were held to be so defectively referred to in a will as not to become a part of it might still be used as a declaration of the trust upon which the property was conveyed to the trustees named in the will, this court said : " Allowing them thus to operate is in effect making them a part of the will." In speaking of the effect of the statute of wills, JUDGE LOOMIS, in giving the opinion of the court in *Lane's Appeal*, 57 Conn. 182, 187, says : " So that our statute amounts to a positive rule for the transmission of property, which must be complied with, as a complete act at the time of the execution, or never, so far as the act of the testator is concerned." To the same effect is *Goodwin* v. *Keney*, 49 Conn. 563, 565.

That the twelfth clause of the will, unaided by the sealed letter, makes no disposal of the equitable interest in the $50,000 named· therein, admits of no question. To what purposes the sum given to Mrs. Bennett in trust is to be devoted, and in whom the beneficial interest in that sum is to vest, is neither stated nor attempted to be stated in paragraph 12, independently of Exhibit 1.

But it is urged that the twelfth clause of the will and the sealed letter, read together, clearly show the purposes to which the testator intended the $50,000 given to Mrs. Ben-

nett in trust should be devoted by her, and show a valid bequest to her as trustee; and that the sealed letter and other exhibits offered in evidence should have been received for the purpose of showing such intention of the testator, and of thus enabling the court to properly construe the will.

It may be conceded that such an intention of Mr. Bennett is clearly shown by these exhibits, but it does not follow that they are for that reason admissible as evidence, or that they can be considered in construing the will. While extrinsic evidence may be admitted to identify the devisee or legatee named, or the property described in a will, also to make clear the doubtful meaning of language used in a will, it is never admissible, however clearly it may indicate the testator's intention, for the purpose of showing an intention not expressed in the will itself, nor for the purpose of proving a devise or bequest not contained in the will. It is "a settled principle, that the construction of a will must be derived from the words of it, and not from extrinsic averment." *Greene* v. *Dennis*, 6 Conn. 292, 299. A will cannot be established by showing an intent to make one. *Avery* v. *Chappel*, 6 Conn. 270, 275. In *Crosby* v. *Mason*, 32 Conn. 482, 487, a superscription upon a package of papers, reading " For Amasa Mason—accounts, notes, drafts, and vouchers to make up to him the sum of $90,000 devised to him by will," and which, in the clause of the will containing a bequest to said Amasa, was referred to by the words "which will be found sealed up and among my papers, and directed to him," was held to be admissible for the purpose of identification only, and that the words " devised to him by will " could not be used as evidence that the contents of the paper were bequeathed. The court said: " If there is not a complete bequest without adopting the superscription it will fail." In *Fairfield* v. *Lawson*, 50 Conn. 501, 508, the court, by JUDGE LOOMIS, said : " The law is imperative that the entire will must be in writing, and herein are found the rules and limitations that must be applied to such evidence. The intent must in every case be drawn from the will, but never the will from the intent." " So far as concerns the

construction of a will, the question always is, not what the testator meant to say, but what is meant by what he did say." *Weed* v. *Scofield*, 73 Conn. 670, 677. In aid of the process of construction and interpretation, extrinsic evidence may be received "for the purpose of rightly understanding the meaning of the words of his (the testator's) will." *Thompson* v. *Betts*, 74 Conn. 576, 580.

The sealed letter and other exhibits were not admissible in the case at bar for the purpose of identifying the beneficiary of the trust described in paragraph 12, for not only is there no beneficiary or trust described in that section, but it clearly appears from the language of the will that it was the intention of the testator that neither the name of the beneficiary nor the purpose of the trust upon which the bequest was made to Mrs. Bennett should be disclosed by the will, but that they should be stated in another instrument.

The evidence offered was not admissible upon the ground of a latent ambiguity in the language of the will. There is no latent ambiguity in the language of paragraph 12. What the testator has said in this clause of the will is clearly stated; and what he intended to say in this paragraph, concerning the gift of the beneficial interest in the $50,000 and the name of the beneficiary, he has evidently fully stated. We are unable to determine from the language of the will what use it was intended Mrs. Bennett should make of the sum bequeathed to her as trustee, not because the meaning of the language of paragraph 12 is doubtful or obscure, but because the language used does not state or assume to state the use which it was intended Mrs. Bennett should make of the sum so given to her in trust. In the words of the sealed letter—" It is my desire that the fifty thousand dollars conveyed to you in trust by this provision [paragraph 12 of the will] shall be by you paid to William Jennings Bryan of Lincoln, Nebraska, or to his heirs if I survive him "—and not in the will, we discover the real gift which the testator intended to make. The sealed letter and Exhibits 2, 3, 4 and 5 were inadmissible for the purposes of

construction and interpretation, because the intended bequest described in them is not contained in the will. The gift itself fails, because it is an attempted testamentary disposition of property by an instrument not executed as a will, and which we have held not to be a part of it, without disclosing in the duly-executed will either the purpose of the bequest to the so-called trustee, or the name of the person who was to receive the benefit of the gift.

The excluded evidence was not admissible to rebut a resulting trust to the residuary legatees. "The resulting trusts which can be rebutted by extrinsic evidence are those claimed upon a mere implication of law, not those arising on the failure of an express trust for imperfection or illegality." *Woodruff* v. *Marsh*, 63 Conn. 125, 141.

The cases of *Dowd* v. *Tucker*, 41 Conn. 197, *Buckingham* v. *Clark*, 61 id. 204, and other cases in which trusts *ex maleficio* have been declared against persons who have obtained property by promising to apply it to certain purposes, have been cited as applicable to this proceeding. Assuming that while the $50,000 was still in the hands of the executor the Superior Court, as a court of equity, might, in this proceeding, in directing to whom the money should be paid, have considered whether if paid to Mrs. Bennett, or the residuary legatees, they or either of them could be held to be trustees *ex maleficio* by reason of an express or implied promise to apply the money to the purposes named in the sealed letter, we cannot find error in the judgment of the Superior Court, since neither the evidence excluded nor the facts proved show any agreement, express or implied, by Mrs. Bennett or the other residuary legatees, to accept the money upon the trust described in Exhibit 1, or that during the lifetime of the testator they even knew of any of the provisions of the twelfth clause of the will. Proof that Mrs. Bennett possessed such knowledge was not prevented by the rulings of the court sustaining the demurrer to Mr. Bryan's answer and denying his motion for leave to file a cross-complaint. These rulings were not upon the ground that evidence of that fact was inadmissible, and an oppor-

tunity was apparently given to the claimant Mr. Bryan, during the trial of the case, to offer the evidence of Mrs. Bennett, without objection, as to the facts upon which a disclosure was asked for. Further discussion of these rulings is unnecessary, since they did not prevent the claimant Mr. Bryan from proving upon the trial all the facts alleged in his answer and cross-complaint.

There is no error.

In this opinion the other judges concurred.