(77 South. 700)

DOZIER v. DOZIER et al.    (6 Div. 606.)

(Supreme Court of Alabama.    Jan. 17, 1918.)

1. WILLS ⬅487(3)—CONSTRUCTION—ADMISSIBILITY OF EVIDENCE.

A letter inclosed in the same envelope as a will and reciting the effect of such will, but not referred to in the will itself, is inadmissible to show the testator's intent, especially where the will contains no latent ambiguities.

2. WILLS ⬅597(1) — CONSTRUCTION — VESTING OF TITLE.

The law favors a construction of a will which vests in the devisee a fee-simple title.

3. WILLS ⬅597(1)—CONSTRUCTION—ESTATE CREATED.

A will devising all property to the testator's daughter for the sole use and benefit of herself and her children, etc., vested an absolute fee to the real property in the daughter.

Appeal from Circuit Court, Jefferson County; A. H. Benners, Judge.

Bill by Henry M. Dozier and others against Bessie Duy Dozier. Judgment for complainants, and defendant appeals. Reversed and remanded, with directions.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Smyer & Smith, Hugh Morrow, and J. A. Simpson, all of Birmingham, for appellant. A. H. Alston, Jr., of Birmingham, for appellees.

McCLELLAN, J. The question presented by this appeal is the proper construction of the last will and testament of G. B. Duy, deceased. Aside from its formal parts and its efficient execution, the whole will reads:

"I devise and bequeath all of my property real and personal to my daughter Mrs. Bessie Duy Dozier of Birmingham, Ala. for the sole use and benefit of herself and her children with the exception of a one sixth interest in the firm of Spurgeon and Dozier Co. which I give to my son in law Henry M. Dozier, and I hereby appoint my said daughter executrix of this my last will and testament, and desire that no bond be required of her and that she be relieved from accounting to any court."

The complainants (appellees) assert in their bill that the manifested meaning and intent of the testator was to create a trust comprehending the real property described in the bill, with Mrs. Bessie Duy Dozier, the daughter of the testator, as the trustee; and it was further averred that the following extract from a letter, addressed to Bessie Duy Dozier, by the testator, inclosed in the same envelope with said will, should be considered in interpreting the will, and that the influence of the expressions from this letter was to contribute to sustain the correctness of the construction put upon the will by the complainants in their bill:

"This will give you the store at No. 2122 2nd avenue, and with this piece of property paid for you will be sure of some income until its value increases to such a price that it may be thought best to sell it.

"The management and handling of what little I have left you will be at your discretion, with the advice and assistance of Mr. Yancey and such other advice that you may wish to take."

The respondent, Mrs. Bessie Duy Dozier, asserted that the proper construction of the will was to establish in her the absolute title to the real property described in the bill. The decree concluded to these effects: That the will did not create a trust, as claimed in the original bill; but that it did constitute the complainants and their mother, Bessie Duy Dozier, tenants in common in the real property described in the original bill.

[1] The letter quoted in the original bill was not referred to in any manner in the will of Mr. Duy, and hence did not become a part of that instrument; and, furthermore, it appears on its face, as quoted in the original bill, not to have been in existence when the will was executed. It purports to be but a recital of the effect of the theretofore executed will of Mr. Duy, not testamentary in any proper sense. Bryan's Appeal, 77 Conn. 240, 58 Atl. 748, 68 L. R. A. 353, 107 Am. St. Rep. 34, 1 Ann. Cas. 393; 6 Modern American Law, bottom page 548; Bryan v. Bigelow, 77 Conn. 604, 60 Atl. 266, 107 Am. St. Rep. 64 and note; 6 Modern American Law, top pages 92–95. The letter cannot be regarded as evidence of the intent the testator entertained in the quoted provisions of his will. It does not fall within any of the categories of admissible evidential advice in the judicial service of construing the testator's will. There is no latent ambiguity in the will that the letter could serve to clear up. There is no doubt with respect to the identity of the beneficiaries under the will that the recitals of the letter could avail to remove. It bears no terms that under our statute (Code, § 3412; Wiggs v. Winn, 127 Ala. 621, 29 South. 96) would or could serve the purpose of creating a trust in lands, even if it was efficiently executed to effect a testamentary end. Bryan v. Bigelow, supra. If, however, the statements in the letter should be considered at all, they contribute to confirm the interpretation which this court has attained, presently to be stated.

[2, 3] The reliance to support the conclusion prevailing below is Dryer v. Crawford, 90 Ala. 131, 7 South. 445. The language employed to state the testator's intent in the will there construed is materially different from that employed by Mr. Duy. There the testator's purpose to invest the wife and the named children with a present title in the land was unmistakably expressed when the several clauses of the instrument were considered. There the devise was to the wife and the named children of the testator; while here the devise is to the daughter, Bessie Duy Dozier, only. The reference to her children is by way of the provision that the devise thus made should be "for the sole use and benefit" of Bessie Duy Dozier and her children. If the testator had intended to vest in his daughter and in every one of her children (the complainants, who were in esse when the will was executed) a present, equal estate in the testator's real property, undoubtedly he would have named the children; or at least have made the devise to them along with their mother. It is very plain, we think, that the testator did not intend to constitute a tenancy in common, in his real estate, between his daughter and her children. There is not a word in his will of the devise to his daughter's children of a present estate in any real property. Even in the case of a doubtful devise the law leans to that construction which will result in vesting in the devisee a fee-simple title to land. Montgomery v. Wilson, 189 Ala. 209, 66 South. 503. The instrument created no trust, and so the chancellor concluded. It devised no joint estate in the lands of the testator to the appellant and her children who were then in being. The only rationally possible remaining effect of the testator's will was to invest in his daughter— the only devisee named in this feature of his will—an absolute fee in the real property described in the bill. If the letter, quoted before, was considered at all, it would contribute to invite the same conclusion,

Aside from any other phase of it, the employment, exclusively, of the pronoun "you," discloses that the testator realized that his devise was to his daughter only.

The decree erroneously interpreted the will under consideration, and it is hence reversed. The cause is remanded to the court below with direction that a decree be there entered construing Mr. Duy's will in accordance with this opinion.

Reversed and remanded, with directions.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.