CLIFFORD W. BEARDSLEY, EXECUTOR (ESTATE OF HATTIE E. WARDWELL) *v.* LAURA S. MERRY ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued February 8—decided April 11, 1950.

*Aram H. Tellalian, Jr.,* with whom were *Robert S. Tellalian* and, on the brief, *Thomas S. Montgomery,* for the appellant (defendant Grace R. Sterling).

*Theodore I. Koskoff,* for the appellees (named defendant et al.).

*Herbert L. Cohen,* for the appellee (plaintiff).

INGLIS, J.   The ultimate question to be decided on this appeal is whether a fund bequeathed by the codicil to the will of Hattie E. Wardwell is to go to Grace R. Sterling, the residuary legatee named in that codicil, or whether it is to go to the residuary legatees named in the will itself.   The trial court concluded that the entire bequest lapsed into the general residue of the estate.

The testatrix left a will dated May 9, 1942.   In that will, after making a few specific legacies, she provided: "All of the rest, residue and remainder of my estate, whether the same be personal, or real, or mixed, and wherever the same may be situated, I give, devise and bequeath unto my brother Theodore P. Serles . . . my

niece Laura Merry . . . my nephew Harold Searles . . . my greatnephew Harold Thurston . . . and my sister-in-law Mary Florence Wardwell . . . share and share alike, the same to be theirs absolutely and forever." She also left the codicil here in question, which was dated November 6, 1948, and reads as follows:

"I direct that all of the money I received as beneficiary of the annuity contract left to me by my Brother Theodore P. Searles Be used as I have directed my old friend Grace R. Sterling to do.

"All that is left is to belong to Grace R. Sterling as her own and no accounting is to be required of her."

The testratrix died on November 14, 1948. The codicil is crudely written in longhand. The fund referred to therein is the proceeds of an annuity contract left to her by her brother, who predeceased her, and amounts to $7227.48. The questions concerning the interpretation of the codicil upon which the executor seeks the advice of the court are as follows: (a) Does it create a trust with certain life interests and a remainder over to Grace R. Sterling? (b) Can the nature and amounts of the life interests be determined by oral evidence? (c) Do the life interests fail because of vagueness and indefiniteness? (d) If so, is the document severable, so that the remainder can be paid over to Grace R. Sterling? (e) Does the codicil create a gift of the entire amount of the annuity contract proceeds to Grace R. Sterling? (f) If the directions in the codicil cannot be carried out in whole or in part, what disposition shall be made of the annuity contract proceeds which are not disposed of by the codicil?

The codicil is inartificially drawn. Accordingly, we must seek the intent of the testatrix as expressed therein irrespective of the presence or absence of the words of art which under other circumstances might be of controlling importance. *Frederick* v. *Alling,* 118

Conn. 602, 605, 174 A. 85; *Perry* v. *Bulkley,* 82 Conn. 158, 164, 72 A. 1014. As to the method of carrying out the intent of the testatrix, the codicil is open to several possible constructions. For example, it could be interpreted as bequeathing the fund to Grace R. Sterling in trust to be used as the testatrix has directed, the balance to belong to the trustee; or, as bequeathing the fund to Grace R. Sterling subject to a charge to make disbursements out of it to others, whatever is left to be her own; or, as bequeathing certain sums directly to certain persons, the amounts and beneficiaries to be ascertained from Grace R. Sterling, and the balance to Miss Sterling. Whichever of these or other possible interpretations is adopted makes no substantial difference. They have to do not with the substance of the testatrix' intent as to who are to be the beneficiaries of the fund but rather with the method of effectuating that intent. The essence of her intent as to who the beneficiaries of the fund are to be is clearly expressed. She wishes that a portion of the fund be used in accordance with her directions to Miss Sterling and that the balance of the fund go to Miss Sterling as her own.

If attention is centered on the first paragraph of the codicil, it is obvious that neither the persons intended to be benefited nor the amounts to go to each can be ascertained from the terms of the codicil itself. What the wishes of the testatrix were in regard to those questions could be determined only by taking testimony as to verbal statements made by her. Where there is a latent ambiguity in a will as to which of two or more persons is the one named as a beneficiary or as to which of two or more objects is the one designated as the subject of a bequest, extrinsic evidence of the testator's statements is taken to remove the ambiguity. *McDermott* v. *Scully,* 91 Conn. 45, 48, 98 A. 350; *Fair-*

*field* v. *Lawson,* 50 Conn. 501, 510. Where, as here, however, a testator has failed to name any beneficiaries in the will itself or to specify therein what amounts shall go to those beneficiaries, evidence of extraneous statements made by him is not admissible to supply those deficiencies. That is true whether those statements were oral or in a writing not executed with the formalities requisite to the execution of a will. To admit such evidence and use it to make up for deficiencies in the will itself would be to permit testamentary disposition of property without the formalities of execution required by statute for such disposition. *Seymour* v. *Sanford,* 86 Conn. 516, 521, 86 A. 7; *Hatheway* v. *Smith,* 79 Conn. 506, 519, 65 A. 1058; *Bryan* v. *Bigelow,* 77 Conn. 604, 612, 60 A. 266. The first paragraph of the codicil here in question may not be aided by any evidence as to what the testatrix' instructions to Miss Sterling were.

Inasmuch as the bequests purported to be made by that paragraph are uncertain both as to beneficiaries and as to amounts, they are void. *Nelson* v. *Pomeroy,* 64 Conn. 257, 261, 29 A. 534; *Wordin's Appeal,* 64 Conn. 40, 50, 29 A. 238. It does not follow that the whole codicil is invalid for uncertainty. This is not a case like *Bryan* v. *Bigelow,* supra, in which a whole trust failed because the beneficiaries were unascertainable and the trustee was given no personal interest, or like *Bristol* v. *Bristol,* 53 Conn. 242, 5 A. 687, where an entire power of appointment failed because the class of appointees was uncertain and the donee of the power was given no personal beneficial interest. Here Miss Sterling, whether she is considered a trustee of the fund or the taker of the fund subject to a charge to distribute it, or merely the residuary legatee of the particular fund, is given a beneficial interest in it. The second paragraph of the codicil makes it clear that she

is to take whatever is left of the fund after satisfying the purported bequests contained in the first paragraph. If it is so that in a case such as this the void bequests contained in the first paragraph of the codicil fall into the particular residue of the specific fund rather than into the general residue of the estate, then it is obvious that the bequest to Miss Sterling contained in the second paragraph is no more uncertain than is the bequest of any residue which is augmented by the lapsing of legacies. The identity of the beneficiary is certain, and the amount she is to receive is rendered certain by deducting from the total fund the amounts of whatever legacies may be valid, or, if none are valid, it is the entire fund. It follows that whatever bequest is made to Miss Sterling by the second paragraph is not void for uncertainty.

That brings us to the question whether the intention expressed by the testatrix was that Miss Sterling should take the amounts of the void legacies attempted by the first paragraph, that is, whether those void legacies fall into the particular residue of the fund or into the general residue of the estate. The rule is generally recognized that where a fund is bequeathed as a whole, whether in trust or otherwise, so that some persons are to receive a portion of it and some other person is to receive the residue, upon the failure of any of the preliminary bequests the amount thereof goes into the residuary bequest of that fund. *Seymour* v. *Sanford,* 86 Conn. 516, 86 A. 7; *English* v. *Cooper,* 183 Ill. 203, 209, 55 N. E. 687; *Cornwell* v. *Methodist Church,* 73 W. Va. 96, 101, 80 S. E. 148; *In re Harries' Trust,* Johns. 199, 207, 70 Eng. Rep. 395; *De Trafford* v. *Tempest,* 21 Beav. 564, 52 Eng. Rep. 978; *Champney* v. *Davy,* 11 Ch. D. 949, 958. The reason for the rule is that, when a testator, in a clause of his will, undertakes to dispose of a fund, it is to be presumed

that he intends to dispose of the whole fund in that clause. It must be his intent therefore to catch up in the disposition of the residue all of the other attempted dispositions that have failed. As is stated in *Champney* v. *Davy*, supra, there is no "sound distinction between cases of lapsed and cases of invalid disposition." Whether the preliminary bequest lapses because of the inability of the legatee to take or is void, it falls into the particular residue of the fund.

In the will and codicil now before us it was clearly the intent of the testatrix by the codicil to dispose completely of the proceeds of the annuity contract. It may be of some little significance that the fund did not become her property until the death of her brother, who was one of the residuary legatees of her general estate. She could not have intended that the lapse of any of the attempted bequests of portions of this fund would carry a portion of the fund to him. That aside, it is clear that her intention was that Miss Sterling should take all of the particular fund which remained after the execution of the verbal instructions she had given. 2 Jarman, Wills (7th Ed.) p. 841. It follows that whatever portion of the fund was not required for that purpose should go to Miss Sterling, and the fact that the residue, because of the invalidity of the preliminary bequests, is to be larger than the testatrix anticipated does not alter the situation in principle. The codicil bequeaths to Miss Sterling "all that is left" of the fund "as her own." Because of the invalidity of the bequests attempted to be made by the first paragraph of the codicil, the "all that is left" specified in the second paragraph is the entire fund. It is the entire fund, therefore, which is bequeathed to Miss Sterling.

There is error, the judgment is set aside and the case is remanded to the Superior Court to enter judgment

answering question (e) propounded in the complaint "Yes." In view of that conclusion, it is not necessary for the trial court to answer the other questions.

In this opinion the other judges concurred.