CLIFFORD W. BEARDSLEY, EXECUTOR v. LAURA S. MERRY,
ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 79538

Memorandum filed May 24, 1950.

Cohen & Schine, of Bridgeport, for the Plaintiff.

Tellalian, O'Brien & Montgomery, of Bridgeport, and Theodore I. Koskoff, of Stratford, for the Defendants.

KING, J.  This was a construction suit.  As disclosed by the opinion in the Supreme Court of Errors, the basic, substantial questions raised and passed upon were (1) the validity of certain bequests in a codicil; (2) if (as the Supreme Court decided) these bequests were void for uncertainty, whether the entire fund of the codicil should fall into the residuum created by the will; or (3) whether the void bequests should fall into the residuum of the codicil.  It was held that the residuary legatee of the codicil took the entire funds of the codicil. Beardsley v. Merry, 136 Conn. 573.

The present motions are for the allowance of counsel fees and the determination of what funds they should be charged against.  The general rule is that they are charged against the estate as a whole.  General Statutes § 7997.  However, where a construction suit clearly fails to involve a particular portion of a will, as to which there is no ambiguity, the property disposed of by that portion should not equitably be charged with the construction costs.  Ansonia Bank v. Kunkel, 105 Conn. 744, 755.

Here the specific bequests of the will were not involved in the suit.  Therefore they should not be charged with any costs of construction.

On the other hand both the residuum of the will itself (because the entire fund of the codicil was claimed to fall into it) and the residuum of the codicil (because the claimed void bequests of the codicil were claimed to fall into it) were involved.

It follows that the costs should be charged ratably against the residuum of the will and the residuum of the codicil.

Upon the court's insistence, counsel have made claims as to the respective amounts of these charges accompanied by affidavits as to the work done.

Pursuant to these, the following allowances are granted, payable as aforesaid:—

| | |
|---|---|
| Herbert L. Cohen (No. 19 and No. 20 in file) | $1057.25 |
| Aram H. Tellalian, Jr. (No. 16) | $1563.20 |
| Theodore I. Koskoff (No. 18) | $1312.44 |
| | $3932.89 |